**Michael Manjeet SINGH, Petitioner— Appellant,**

v.

**Jeanne S. WOODFORD, Warden; Scott Kerman, Respondents—Appellees.**

No. 05–15425.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 20, 2006.

Ted W. Cassman, Esq., Arguedas, Cassman & Headley, LLP, Berkeley, CA, for Petitioner–Appellant.

David H. Rose, Esq., Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Michael Manjeet Singh appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction by a jury for three counts of first-degree murder. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of a habeas petition. *Gill v. Ayers,* 342 F.3d 911, 917 (9th Cir.2003). We review the petition under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because Singh filed his petition after the statute's effective date, April 24, 1996. *Id.*

Singh contends that he was denied due process when the state trial court excluded an anonymous, tape-recorded third-party confession to the murder. He also contends that the trial court's evidentiary ruling precluded him from presenting a defense and denied him his right to a fair trial.

■ Even assuming that the trial court erred by excluding the anonymous tape-recorded confession, Singh is not entitled

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

to habeas relief. The state court's conclusion that any error resulting from the exclusion of the tape was harmless beyond a reasonable doubt was not contrary to clearly established federal law, nor was the conclusion objectively unreasonable in light of the compelling evidence of Singh's guilt that was presented at trial. *See* 28 U.S.C. § 2254(d)(1); *Medina v. Hornung,* 386 F.3d 872, 878–79 (9th Cir.2004) (affirming denial of habeas relief because the state court's "harmless error analysis was neither contrary to, nor an unreasonable application of, clearly established federal law"); *see also Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Accordingly, the district court properly denied this claim.

We construe Singh's remaining argument on an uncertified issue as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). Because Singh failed to make the required "substantial showing of the denial of a constitutional right," we deny the motion. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.